IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>            Plaintiff,                          )<br>                                                              )<br>    v.                                              )      Civil Action No. 13-318<br>                                                              )<br>                                                              )<br>$190,130.00 IN U.S. CURRENCY,       )<br>                                                              )<br>            Defendant.                       ) | |

### AMENDED VERIFIED COMPLAINT IN FORFEITURE

AND NOW comes the United States of America by and through its counsel, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. This is a civil action in rem for the forfeiture to the United States of $190,130.00 in U.S. Currency (the "Defendant Property"), pursuant to 21 U.S.C. § 881(a)(6).

2. Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355.  Venue is proper under 28 U.S.C. § 1395 and § 1355.

3. On October 13, 2012, pursuant to information provided by a law enforcement source, the Drug Enforcement Administration (the "DEA") seized the Defendant Property from Michael A. Perugini ("Perugini") during a consensual search of his luggage on an Amtrak train stopped at the Pittsburgh station. The Defendant Property has remained in the Western District of Pennsylvania in the custody of the United States Marshals Service.

4. Subsequent to the seizure, the DEA instituted administrative forfeiture proceedings against the Defendant Property. Perugini filed a claim to the Defendant Property as part of the administrative proceedings. As a result, the United States has instituted this civil forfeiture action against the Defendant Property.

5. Perugini became the subject of a criminal investigation (the "Investigation") conducted by the DEA for violations of 21 U.S.C. § 841 and § 846. The Investigation revealed that Perugini and others unlawfully sold and distributed controlled substances and generated thousands of dollars of illegal drug proceeds.

6. Perugini and another individual were traveling from New York City to Emeryville, California. They had exited the train in Pittsburgh for a break, when DEA officers approached them. The officers explained that they make routine checks at the train station to speak with persons in relation to large scale drug trafficking and cash and weapons smuggling on interstate modes of transportation. Both Perugini and his traveling companion denied possession of drugs, weapons, or large amounts of cash. They also agreed to answer the officers' questions and have their luggage searched.

7. When Perugini and his companion agreed to the search of their luggage, officers found the Defendant Property in Perugini's bag bundled in stacks held by rubber bands and sealed in Food Saver and clear plastic packaging.

8. When Perugini and his companion were questioned separately by the DEA, they gave conflicting stories regarding their length of stay in California and the purpose for their visit.

9. Perugini also changed his story several times regarding the amount of the Defendant Property as well as how much of the Defendant Property was originally his and how much he had

borrowed. In addition, he provided conflicting information as to how he acquired the Defendant Property.

10. On October 15, 2012, a certified K-9 alerted to the presence of a controlled substance on the Defendant Property.

11. The Investigation revealed that the Defendant Property represents proceeds generated from the illegal distribution of controlled substances in violation of 21 U.S.C. § 841, and, therefore, is forfeitable to the United States pursuant to 21 U.S. C. § 881(a)(6).

12. By reason of the foregoing, and under the provisions of 21 U.S.C. § 881(a)(6), the Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that process of warrant in rem issue for the arrest of the Defendant Property; that judgment of forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

                Respectfully submitted,

                DAVID J. HICKTON
                United States Attorney

By:   s/ Koleen S. Kirkwood
      Assistant U.S. Attorney
      700 Grant Street, Suite 4000
      Pittsburgh, PA  15219
      412- 894-7416
      PA ID 70438

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration, Department of Justice, and the case agent assigned the responsibility for this case.

I have read the contents of the foregoing amended complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of March, 2013.

_____
Christopher R. Stang, Task Force Officer
Drug Enforcement Administration